IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:23-cv-04168-MDH |
| ) | |
| ANNE PRECYTHE, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendants' Motion for Judgment on the Pleadings. (Doc. 46). The motion is fully briefed and ripe for review. For the reasons set forth herein, the motion is denied.

## BACKGROUND

Plaintiff HRDC sends solicited and unsolicited mass mailings, including Prison Legal News and Criminal Legal News, to inmates around the country. Plaintiff states it has focused its mission on public education, advocacy and outreach on behalf of, and for the purpose of, assisting incarcerated persons who seek legal redress for infringements of their constitutionally guaranteed and other basic human rights. Plaintiff contends it accomplishes this mission through litigation, advocacy, and publication and/or distribution of books, magazines, and other information concerning prisons and the rights of incarcerated persons. Plaintiff states it has thousands of subscribers to its monthly magazines in the United States and abroad, including incarcerated persons, attorneys, journalists, public libraries, judges, and members of the general public.

Plaintiff distributes its publications to incarcerated persons in approximately 3,000 correctional facilities across the United States, including to hundreds of incarcerated persons

1

housed in facilities in Missouri. Plaintiff alleges that MDOC has an unconstitutional mail policy and has censored HRDC's publications on a number of occasions.

Defendants Anne Precythe, Travis Terry, and Ryan Crews move for judgment on the pleadings on all of Plaintiff's claims. Defendants argue: 1) prison officials have wide discretion to censor Plaintiff's materials based on legitimate penological concerns; and 2) qualified immunity. Defendants contend the publications at issue contain sex-related ads and pen pal ads that violate MDOC policies.

## STANDARD OF REVIEW

A judgment on the pleadings is appropriate "when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (internal citations omitted). "The court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

A motion for judgment on the pleadings is reviewed under the same standard as motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012). Further, in considering a motion for judgment on the pleadings filed by Defendants, the Court views the facts pleaded by the Plaintiff as true and grants all reasonable inferences if favor of Plaintiff. See *Clemons v. Crawford* 585 F.3d at 1124.

2

# DISCUSSION

First, Defendants argue that censorship of sex-related materials and pen pal ads is permissible. "To determine whether a jail or prison policy infringes on the First Amendment rights of inmates, as well as those seeking to communicate with them, the relevant inquiry is whether the policy is reasonably related to legitimate penological interests." *Hum. Rts. Def. Ctr. v. Baxter Cnty. Arkansas*, 999 F.3d 1160, 1164 (8th Cir. 2021) (internal quotations omitted). Regulations aimed at protecting prison security and deterring crime are valid and seen as "central to all other corrections goals." *Thornburgh v. Abbott*, 490 U.S. 401, 415 (1989). Courts afford prison officials considerable deference when making "difficult judgments concerning institutional operations." *Id*. at 407–09. The Supreme Court recognizes "the expertise of these officials and that the judiciary is ill equipped to deal with the difficult and delicate problems of prison management." *Id*. (internal citations omitted).

MDOC's stated reason for rejecting the May 2020 edition of Prison Legal News and the June 2020 edition of Criminal Legal News was that the publications "provide[d] information on how to obtain prohibited publications or provides information on how to order unauthorized items or contraband." Defendants argue regulating material that would threaten the security of an institution or encourage criminal activity falls within DOC's broad discretion. Citing *Thornburgh*, 490 U.S. at 401. Defendants also contend Plaintiff's materials were censored because of advertisements for prisoners to access pen pal services, nude photos, and erotic books.

In response, Plaintiff argues the First Amendment liberties of free citizens are implicated in the censorship of prisoner mail. Plaintiff states that Defendants' regulation of the materials at issue violates Plaintiff's constitutional rights and the right to freedom of speech.

In making this determination, courts must weigh the needs of correctional administration against the undeniable harms caused by curtailing constitutional rights. See *Turner v. Safley*, 482 U.S. 78, 84–85 (1987). Under *Turner*, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." 482 U.S. at 89. In determining whether that reasonable relationship exists, courts consider: (1) whether there is a "'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right"; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally"; and (4) whether there exist "obvious, easy alternatives" to the challenged regulation, suggesting that the regulation is an "'exaggerated response' to prison concerns." *Id*. at 89–90.

Defendants' motion argues the sex related and pen-pal ads provide justification to censor Plaintiff's publications. Plaintiff contends this position overlooks Defendants' censorship of HRDC publications that do not have any advertisements and is an overly broad argument. In addition, Plaintiff argues just one example of a less restrictive measure would be to censor actual offending material coming into MODOC facilities, rather than discarding entire newspapers because they contain advertisements.

Here, the Court finds it cannot rule on these issues without further consideration of facts, evidence, and issues that go beyond the pleadings. The Court makes no ruling on whether Plaintiff may ultimately prevail, but finds the issues presented by Defendants in their motion for judgment on the pleadings is premature. Further, the Court considers the record in a light most favorable to Plaintiff and at this stage Plaintiff has pled allegations to survive this motion.

In addition, this same analysis applies to Defendants' arguments on qualified immunity. Plaintiff has pled enough to survive this motion. Plaintiff has sufficiently pled an official capacity claim to the extent it seeks injunctive relief. See *Nix v. Norman*, 879 F.2d 429, 432 (8th Cir. 1989). Plaintiff alleges in the complaint injunctive relief against Defendants, sued in their official capacities, to prevent continuing or future violations of the constitution. Finally, Plaintiff has alleged ongoing violations that seek damages and prospective and injunctive relief. The analysis of qualified immunity, based on Plaintiff's allegations of Defendant's conduct, can be further reviewed based upon discovery and the facts of this case.

## CONCLUSION

Wherefore, for the reasons set forth herein, the Court **DENIES** Defendants' Motion for Judgment on the Pleadings.

**IT IS SO ORDERED.**

DATED: April 22, 2024

                                               */s/ Douglas Harpool*
                                               **DOUGLAS HARPOOL**
                                               **UNITED STATES DISTRICT JUDGE**